1 | Scott R. Mosko (State Bar No. 106070)
Erik R. Puknys (State Bar No. 190926)
2 | Kristin L. Menon (State Bar No. 223731)
FINNEGAN, HENDERSON, FARABOW,
3 |   GARRETT & DUNNER, L.L.P.
Stanford Research Park
4 | 700 Hansen Way
Palo Alto, California 94304
5 | Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666
6 |

7 | Attorneys for Defendant
RYOBI TECHNOLOGIES, INC.
8 |

9 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ZIRCON CORPORATION, a California Corporation, | CASE NO. C03 04446 SI |
|---|---|
| Plaintiff, | **DEFENDANT RYOBI TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| RYOBI TECHNOLOGIES, INC., | |
| Defendant. | |

DEFENDANT RYOBI TECHNOLOGIES, INC.'S ANSWER TO
COMPLAINT FOR PATENT INFRINGEMENT
Case No. C03 04446 SI

1    Defendant Ryobi Technologies, Inc. ("Ryobi") hereby answers and asserts its affirmative

2  defenses to the Complaint for Patent Infringement, filed on October 1, 2003, and asserts its counter-

3  claims as follows:

4                                    **THE PARTIES**

5    1.    Ryobi is without sufficient knowledge or information to form a belief as to the truth

6  of the allegations of paragraph 1 and therefore denies them.

7    2.    Ryobi admits it is a corporation organized and existing under the laws of Delaware,

8  with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina

9  29625.

10                              **JURISDICTION AND VENUE**

11    3.    Ryobi admits that the Complaint involves a claim for relief for patent infringement

12  and that 28 U.S.C. § 1338(a) confers to the district courts of the United States original and exclusive

13  jurisdiction over any civil action arising under any Act of Congress relating to patents.  Ryobi is

14  without sufficient knowledge or information to form a belief as to the truth of the remaining

15  allegations of paragraph 3 and therefore denies them.

16    4.    Ryobi denies each and every allegation in paragraph 4.

17                                    **BACKGROUND**

18    5.    Ryobi admits that stud finders are used to locate structural members of walls, floors,

19  and other structures, called studs, which cannot normally be seen behind the surface of the wall or

20  other structure.

21    6.    Ryobi is without sufficient knowledge or information to form a belief as to the truth

22  of the allegations of paragraph 6 and therefore denies them.

23    7.    Ryobi does not know what Zircon means by "major," but admits that it sells hand-

24  held and power tools.  Ryobi denies the remaining allegations of paragraph 7.

25    8.    Ryobi admits that it is involved in the business of selling and offering for sale stud

26  finders in the United States, and that it imports stud finders into, and exports them from, the United

27  States.  Ryobi denies the remaining allegations of paragraph 8.

28

9.    Ryobi does not know what Zircon means by "major," but admits that stud finders it offers for sale are sold at retailers such as the Home Depot.  Ryobi is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies them.

## COUNT I

10.    Ryobi incorporates its responses to the allegations of paragraphs 1-9.

11.    Ryobi admits that a copy of United States Patent No. 6,023,159 is attached to the Complaint as Exhibit A and that the '159 patent is entitled "Stud Sensor with Dual Sensitivity" and lists Charles E. Heger as the inventor.  Ryobi denies, however, that the '159 patent was duly and legally issued.  Ryobi is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies them.

12.    Ryobi admits that Zircon is listed on the face of the '159 patent as the '159 patent's assignee, but Ryobi is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them

13.    Ryobi denies each of the allegations of paragraph 13.

14.    Ryobi denies that it is infringing the '159 patent, and therefore asserts that it is not required to obtain the consent or authority of, or a license from Zircon for any reason.

15.    Ryobi denies each of the allegations of paragraph 15.

16.    Ryobi denies each of the allegations of paragraph 16.

17.    Ryobi denies each of the allegations of paragraph 17.

## AFFIRMATIVE DEFENSES

For its separate, affirmative defenses, Ryobi avers as follows:

1.  Ryobi has not infringed and is not infringing any valid claim of the '159 patent.

2.  The claims of the '159 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because they are anticipated by and/or obvious in view of prior art.

3.  The claims of the '159 patent are invalid under 35 U.S.C. § 112, first and second paragraphs because they are neither described in, nor enabled by, the '159 patent specification, and

1  they fail to particularly point out and distinctly claim the subject matter which Mr. Heger regarded as

2  his invention.

3      4.  The doctrine of prosecution history estoppel prevents Zircon from asserting that any

4  Ryobi product infringes the claims of the '159 patent.

5                                    **COUNTERCLAIMS**

6          For its counterclaims against Zircon, Ryobi alleges as follows:

7      1.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and the

8  Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

9      2.  Venue for the Ryobi counterclaims is proper in this District under 28 U.S.C. §§ 1391(b),

10  (c), and 1400(b).

11     3.  Ryobi is a corporation organized under the laws of Delaware with its principal place of

12  business in South Carolina.

13     4.  According to the facts pleaded in Zircon's complaint, Zircon is a corporation organized

14  under the laws of California with its principal place of business in California.

15     5.  Zircon has sued Ryobi in this Court for alleged infringement of the '159 patent and seeks

16  damages for that alleged infringement.  Further, Zircon alleges that the '159 patent was duly and

17  legally issued.  Ryobi denies that it infringes the '159 patent and denies that the '159 patent is valid.

18  There is, therefore, a substantial, actual, and continuing controversy between Ryobi and Zircon

19  concerning the validity and infringement of the '159 patent.

20                                    **COUNTERCLAIM I**

21               **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

22     6.  Ryobi has not infringed and does not infringe any claim of the '159 patent.

23     7.  The doctrine of prosecution history estoppel prevents Zircon from asserting that any

24  Ryobi product infringes the claims of the '159 patent.

25                                    **COUNTERCLAIM II**

26                 **DECLARATORY JUDGMENT OF INVALIDITY**

27     8.  The claims of the '159 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because they

28  are anticipated by and/or obvious in view of prior art.

9.   The claims of the '159 patent are invalid under 35 U.S.C. § 112, first and second paragraphs because they are neither described in, nor enabled by, the '159 patent specification, and they fail to particularly point out and distinctly claim the subject matter which Mr. Heger regarded as his invention.

**WHEREFORE**, Ryobi respectfully requests that the Court:

A.      Dismiss the Complaint with prejudice;

B.      Enter a judgment in favor of Ryobi;

C.      Declare that Ryobi has not infringed and currently is not infringing, whether directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents, any claim of the '159 patent;

D.      Declare that the asserted claims of the '159 patent are invalid;

E.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award reasonable attorney fees to Ryobi; and

F.      Grant such further relief as the Court deems just and proper.

Dated: January 30, 2004                    FINNEGAN, HENDERSON, FARABOW,
                                           GARRETT & DUNNER, L.L.P.


                                           By: _____
                                               Erik R. Puknys
                                               Attorneys for Defendant
                                               Ryobi Technologies, Inc.